Justice Souter,
concurring in the judgment.
In this habeas proceeding, a federal court may not set aside the state judgment sustaining Musladin’s conviction without finding it contrary to, or an unreasonable application *82 of, clearly established federal law. 28 U. S. C. § 2254(d)(1). While the ground between criteria entailed by “clearly established” and “unreasonable application” may be murky, it makes sense to regard the standard governing this case as clearly established by this Court. We have a number of decisions dealing with threats to the fundamental fairness of a criminal trial posed by conditions in (or originating in) the courtroom, see, e. g., Holbrook v. Flynn, 475 U. S. 560 (1986); Estelle v. Williams, 425 U. S. 501 (1976); Sheppard v. Maxwell, 384 U. S. 333 (1966); Estes v. Texas, 381 U. S. 532 (1965), and the two most recent ones agree on a general formulation harking back to Estes, id., at 542-546: the question is whether the practice or condition presents “ ‘an unacceptable risk ... of impermissible factors coming into play’ ” in the jury’s consideration of the case. Flynn, supra, at 570 (quoting Williams, supra, at 505). The Court’s intent to adopt a standard at this general and comprehensive level could not be much clearer.
As for the applicability of this standard, there is no serious question that it reaches the behavior of spectators. The focus of the later cases is on appearances within the courtroom open to the jurors’ observation. There is no suggestion in the opinions, and no reason to think now, that it should matter whether the State or an individual may be to blame for .some objectionable sight; either way, the trial judge has an affirmative obligation to control the courtroom and keep it free of improper influence. Sheppard, supra, at 363. And since the Williams-Flynn standard is a guide for trial judges, not for laypersons without schooling in threats to the fairness of trials, its general formulation is enough to tell trial judges that it applies to the behavior of courtroom visitors.
Nor is there any reasonable doubt about the pertinence of the standard to the practice in question; one could not seriously deny that allowing spectators at a criminal trial to wear visible buttons with the victim’s photo can raise a risk of improper considerations. The display is no part of the *83 evidence going to guilt or innocence, and the buttons are at once an appeal for sympathy for the victim (and perhaps for those who wear the buttons) and a call for some response from those who see them. On the jurors’ part, that expected response could well seem to be a verdict of guilty, and a sympathetic urge to assuage the grief or rage of survivors with a conviction would be the paradigm of improper consideration.
The only debatable question is whether the risk in a given case reaches the “unacceptable” level. While there is a fair argument that any level of risk from wearing buttons in a courtroom is unacceptable, two considerations keep me from concluding that the state court acted unreasonably in failing to see the issue this way and reverse the conviction. First, of the several courts that have considered the influence of spectators’ buttons, the majority have left convictions standing. See, e. g., State v. Speed, 265 Kan. 26, 47-48, 961 P. 2d 13, 29-30 (1998); State v. Braxton, 344 N. C. 702, 709-710, 477 S. E. 2d 172, 176-177 (1996); State v. Lord, 128 Wash. App. 216, 219-223, 114 P. 3d 1241, 1243-1245 (2005); Nguyen v. State, 977 S. W. 2d 450, 457 (Tex. App. 1998). I am wary of assuming that every trial and reviewing judge in those cases was unreasonable as well as mistaken in failing to embrace a no-risk standard, and so I would find it hard to say the state judges were unreasonable in this case, given the lack of detail about the buttons’ display. Second, an interest in protected expression on the part of the spectators wearing mourners’ buttons has been raised, but not given focus or careful attention in this or any other case that has come to our notice. Although I do not find such a First Amendment interest intuitively strong here, in the absence of developed argument it would be preferable not to decide whether protection of speech could require acceptance of some risk raised by spectators’ buttons.
For these reasons, I think Musladin has not shown the state judge’s application of our law to be unreasonable, and on that ground concur in the Court’s judgment.